# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RAMIRO CISNEROS-MONJE,<br><br>　　　　　Defendant. | Case No. 1:20-cr-00159-JLT-SKO<br><br>ORDER DENYING DEFENDANT'S MOTION FOR BAIL REVIEW<br><br>(ECF Nos. 74, 75) |

Defendant Ramiro Cisneros-Monje is charged with one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. section 841(a)(1), and two counts of distribution of methamphetamine in violation of 21 U.S.C. section 841(a)(1). On July 1, 2022, Defendant filed a motion for bail review. (ECF No. 74.) On July 5, 2022, the Government filed an opposition brief. (ECF No. 75.) On July 13, 2022, the Court held a hearing on Defendant's motion. Counsel Roger Banakdar appeared on behalf of Defendant via video. Defendant was present in custody via video with the assistance of an interpreter. Counsel Justin Gilio appeared on behalf of the Government. Having considered the moving and opposition papers, as well as the arguments presented at the July 13, 2022 hearing, the Court shall deny Defendant's motion for bail review.

A bail hearing "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to

the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

For the reasons stated on the record, I find that the proffer made by Defendant of the changed circumstances was not met to justify a bail review hearing under Section 3142(f),[1] but nevertheless and in the alternative, the Court will consider the "new information." Considering the defendant's new information, I find that this new information does not change the Court's previous finding that there is no condition or combination of conditions which will reasonably assure the appearance of the Defendant and the safety of the community. Particularly, the proffer that the Defendant is in this country illegally, and that he has a history of violations of court and immigration orders was not mitigated by the new information. The proffered release plan includes his release to the same residence where he is alleged to have committed the crimes at issue in this case, including allegations that he illegally possessed a loaded firearm with the methamphetamine at this residence. Further, his medical condition was considered by the Court at his last motion for Bail review adjudicated on July 29, 2021.[2] (ECF No. 51.) The Court also incorporates the additional findings given by this Court at the Defendant's original detention hearing on December 7, 2020, and subsequent at his bail review on July 29, 2021, as additional

---

[1] Counsel advised the Court at the hearing that he was not aware of a previous motion for bail review, despite record of such filing in the docket. (See ECF Nos. 48, 49, 51.) While counsel was not counsel of record at the time the prior motion for bail review was adjudicated, it is still, nevertheless, counsel's responsibility to be fully aware of the record so that the present motion is not a second bite at the apple. New counsel and/or a better argument is not new information within the meaning of § 3142(f).

[2] Defendant contends that his health has declined since in custody, and that despite requests for treatment, he has been disregarded and had to have a toe amputated while in custody. Defendant proffers this disregard for his health has left him to suffer a disability, and borders on cruel and unusual punishment in violation of his constitutional rights. (ECF No. 74 at 2-3.) To the extent Defendant, as a pretrial detainee, is challenging his conditions of confinement, and Defendant is not arguing the conditions prevent him from receiving adequate legal representation, such complaints are more properly brought in a civil suit, rather than in the criminal case. See United States v. Yandell, No. 2:19-CR-00107-KJM, 2021 WL 4777113, at *3 (E.D. Cal. Oct. 13, 2021) ("Federal pretrial detainees may ordinarily challenge the conditions of their confinement only in a separate civil action . . . Federal courts have made one exception to this rule for challenges to conditions that prevent a defendant from consulting with counsel or exercising other trial rights."); United States v. Hollis, No. CR-F-08-276 OWW, 2009 WL 902062, at *1 (E.D. Cal. Apr. 1, 2009); see also United States v. Moi, No. 319CR00112TMBDMS, 2021 WL 4048596, at *8 (D. Alaska June 7, 2021) ("Generally, pretrial detainees may only challenge their conditions of confinement in a civil action brought pursuant to (1) *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, (2) 42 U.S.C. § 1983, or (3) 28 U.S.C. § 2241.").

factors as to why the new information is insufficient to show that there still are no conditions or combination of conditions which will reasonably assure his appearance and the safety of the community.

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for bail review is DENIED. The Defendant shall remain detained as a flight risk and danger to the community.

IT IS SO ORDERED.

Dated:   **July 14, 2022**

UNITED STATES MAGISTRATE JUDGE